IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD DUSHAWN MAHOLMES, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 14-CV-07457 |
| KIMBERLY BUTLER, | ) ) Judge John J. Tharp, Jr. |
| Respondent. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Edward Dushawn Maholmes was convicted of the first degree murder of Eric McKinney in Illinois state court. At trial, the prosecution's key witness was Stephen Patrick. Patrick testified that he witnessed Maholmes driving on August 8, 2003.[1] Patrick knew Maholmes to be a member of a faction of the Gangster Disciples gang, and Patrick sought to warn his friends—members of another Gangster Disciples faction—that Maholmes was planning to shoot them. Patrick followed Maholmes until he witnessed Maholmes shoot eight to ten times out his car window, striking and killing McKinney, a nearby cyclist. Patrick subsequently identified Maholmes as the shooter in a lineup. Consistent with Patrick's testimony, ten cartridge casings from the same gun were recovered at the scene of the shooting.

The government also introduced Maholmes's confession at trial. An officer testified that after Maholmes received Miranda warnings, he admitted to officers that he was the shooter. Maholmes indicated that he was looking for a place to eat with an individual named Ice Mike, who spotted Patrick's car following them. Ice Mike told Maholmes that the car contained a rival

---

[1] The Court's recounting of the events surrounding and facts elicited at trial is derived from the Appellate Court of Illinois' opinion on direct appeal in Maholmes's case. ECF No. 17-1. Maholmes's petition does not challenge the facts recited therein.

gang member and handed Maholmes a semiautomatic handgun, instructing Maholmes to get the car "up off him." After attempts to drive away from the car were unsuccessful, Maholmes opened fire out the window. A videotape of Maholmes's statement to police was published to the jury.

Prior to trial, Maholmes filed a motion to bar evidence of his prior convictions in the event he testified. The trial judge deferred ruling on the motion until he heard Maholmes's direct examination testimony. Maholmes ultimately decided not to testify. After the trial judge declined to give the jury an involuntary manslaughter instruction, Maholmes was convicted of first degree murder and aggravated discharge of a firearm. He was sentenced to 50 years imprisonment for the murder conviction, and to a consecutive 10 year term for the aggravated discharge conviction.

Maholmes appealed his convictions. He argued four grounds to the Appellate Court of Illinois: (1) that the trial judge should have given an involuntary manslaughter instruction; (2) that the trial judge violated his right to knowingly decide whether to testify by declining to rule on his motion to exclude evidence of his prior convictions; (3) that his trial counsel was ineffective for failing to file a motion in limine to prevent the government and its witnesses from referring to him as "Killer Sean"; and (4) that his conviction for aggravated discharge should have been vacated because it was based on the same physical act as his murder conviction. Direct Appeal Br., ECF No. 17-1. The appellate court agreed with the fourth argument and vacated Maholmes's aggravated discharge conviction. Direct Appeal Opinion 12-14, ECF No. 17-1. The court, however, rejected Maholmes's first three arguments and affirmed his murder conviction. *Id*. at 1-11. Although the court agreed that the trial judge erred in declining to rule on Maholmes's motion to exclude evidence of his prior convictions, it held that Maholmes failed to

preserve his right to appellate review of the issue by declining to testify. *Id.* at 10. Maholmes filed a petition for leave to appeal in the Supreme Court of Illinois. The petition, which was denied, argued only that the appellate court erred in concluding that Maholmes failed to preserve his right to appellate review of the trial court's failure to rule on his motion in limine by declining to testify. Pet. for Leave to Appeal, ECF No. 17-2; Denial of Pet. for Leave to Appeal, ECF. No. 17-3.

Maholmes then initiated *pro se* post-conviction proceedings in the Circuit Court of Cook County, Illinois. Maholmes's petition raised 18 issues, each concerning ineffective assistance of trial or appellate counsel. Post-Conviction Pet., ECF No. 17-6. The trial court summarily denied the petition. Certified Report of Disposition, ECF No. 17-6. On appeal, Maholmes, now represented by counsel, raised only two issues: that trial counsel was ineffective for failing to investigate and call witnesses who would have testified that Patrick was violent and had previously threatened Maholmes and for preventing Maholmes from testifying, against his will. Post-Conviction Appellate Br., ECF No. 17-3. The appellate court rejected both of Maholmes's arguments. As to the failure to investigate and call witnesses, the court rejected Maholmes's position on the procedural ground that Maholmes failed to attach affidavits from the potential witnesses to his petition. Post-Conviction Appellate Opinion 5-6, ECF No. 17-6 (citing 725 ILCS 5/122-2). The court also concluded that Maholmes did not adequately describe what his testimony at trial would have been, and alternatively that Maholmes was not prejudiced by his failure to testify. *Id.* at 8. Maholmes again filed a petition for leave to appeal in the Illinois Supreme Court, arguing only that trial counsel was ineffective for failing to investigate and call witnesses. Post-Conviction Petition for Leave to Appeal, ECF No. 17-4. The petition for leave to appeal was denied. Denial of Post-Conviction Petition for Leave to Appeal, ECF No. 17-4.

Maholmes subsequently filed the instant petition, raising 21 issues. Again, most of these issues concern ineffectiveness of trial and appellate counsel (including trial counsel's failure to investigate and call witnesses), although Maholmes also argues that the trial court erred by failing to give an involuntary manslaughter instruction and by declining to rule on his motion to exclude his prior convictions.

## DISCUSSION

"A federal habeas petitioner's claim is subject to the defense of procedural default if he does not fairly present his claim through a complete round of state-court review." *Brown v. Brown*, 847 F.3d 502, 509 (7th Cir. 2017). "In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court." *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). "If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." *Id*.

Here, Maholmes has presented only two of his grounds for relief in a petition for leave to appeal to the Illinois Supreme Court: on direct appeal, his PLA was premised on his claim that the trial court erred in declining to rule on his motion to exclude evidence of his prior convictions, and in his post-conviction PLA, he claimed that trial counsel was ineffective for failing to investigate and call witnesses. So, unless Maholmes has identified cause for why he failed to present 19 of his 21 grounds to the Illinois Supreme Court, and prejudice stemming therefrom, the Court is required to reject them as procedurally defaulted. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

"Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Id*. "Prejudice is established by showing that the violation of the petitioner's federal rights worked to

4

his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id*. Maholmes has not demonstrated cause or prejudice. Indeed, Maholmes does not even attempt to justify his failure to present to the Illinois Supreme Court most of the grounds on which he now seeks to obtain relief. The petition form Maholmes filed explicitly asked if all grounds raised in the petition had been presented to the highest court having jurisdiction. Maholmes correctly checked no. Petition 6, ECF No. 1. The petition then asked Maholmes to "state briefly what grounds were not so presented and why not." *Id*. Maholmes left that section blank. Maholmes has made no assertion that his post-conviction counsel was constitutionally ineffective for failing to raise on appeal the various ineffectiveness arguments he made in his state post-conviction petition (having left the relevant portion of the petition blank and having filed no reply to the government's answer to the petition, notwithstanding the ample time he had to do so[2]), nor has he provided any evidence indicating as much. *See Oaks v. Pfister*, 863 F.3d 723, 726 (7th Cir. 2017) ("A federal court may hear a procedurally defaulted claim for ineffective assistance of counsel if two criteria are met: (1) the state's appeal and post-conviction procedures make it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise the claim on direct appeal; and (2) post-conviction counsel was absent or ineffective." (internal quotation marks omitted)). And although Maholmes raises two grounds that were initially presented to the state courts on direct appeal—that the trial court erred in refusing to give an involuntary manslaughter instruction and that trial counsel was ineffective for failing to file a motion in limine to prevent the government and its witnesses from referring to

---

[2] Maholmes sought repeated extensions of time to file his reply brief premised on his need for additional access to the prison law library and requested and obtained a stay of this matter while he pursued a mandamus petition in state court to secure greater library access. In total, the Court gave Maholmes more than 2.5 years (April 2, 2015 through October 6, 2017) to file a reply to the state's response, but he never did so.

him as "Killer Sean"—he never argues or provides evidence to support the proposition that appellate counsel was ineffective for failing to raise these arguments before the Illinois Supreme Court. Consequently, all but two of Maholmes's grounds for relief must be rejected because he failed to present them to the Illinois Supreme Court.

Nor can Maholmes obtain relief on the two grounds he did present to the Illinois Supreme Court. Under 28 U.S.C. § 2254(d), a federal court may not grant a state prisoner habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." But "[w]hen the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed." *Miranda v. Leibach*, 394 F.3d 984, 991 (7th Cir. 2005). "Typically this occurs when the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim." *Id*. at 991-92.

The intermediate appellate courts rejected both of Maholmes's remaining grounds for failure to comply with state procedural rules. First, the Appellate Court of Illinois concluded that by declining to testify at trial, Maholmes failed to preserve for appellate review his argument that the trial judge erred in declining to rule on his motion in limine to exclude evidence of his prior convictions. *See also People v. Averett*, 237 Ill.2d 1, 23, 927 N.E.2d 1191, 1204 (2010) (holding that, as a matter of state procedure, "the trial courts' decisions to defer ruling on the defendants' motions [to exclude evidence of their prior convictions] . . . [are] unreviewable on appeal

because the defendants chose not to testify at trial."). The state's rule that a defendant must testify in order to preserve an appeal of the trial court's ruling—or lack of ruling—as to the admissibility of prior convictions for impeachment purposes does not implicate any constitutional right, *Luce v. United States*, 469 U.S. 38, 43 (1984), and so constitutes an adequate and independent state law ground for the appellate court's ruling. *See, e.g., Ponder v. Conway*, 748 F. Supp. 2d 183, 193-94 (W.D.N.Y. 2010). That the appellate court rejected Maholmes's argument on an independent state procedural ground forecloses the possibility of federal relief. *See Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016) (holding that where "the state court judgment rests on an independent and adequate state ground . . . principles of comity and federalism dictate against upending the state-court conviction, and instead, finding that the petitioner's claim is procedurally defaulted").

Similarly, the Appellate Court of Illinois never reached the merits of Maholmes's argument that trial counsel was ineffective for failing to investigate and call eight witnesses who would have testified that Patrick was violent and had previously threatened Maholmes. The court rejected Maholmes's argument because he failed to comply with an Illinois law requiring post-conviction petitioners to attach to their petitions affidavits supporting their grounds for relief. Post-Conviction Appellate Opinion 5-6, ECF No. 17-6 (citing 725 ILCS 5/122-2). This claim, too, is procedurally defaulted, as Illinois' affidavit rule constitutes an independent and adequate state law ground for the post-conviction court's ruling. *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012). And as with the 19 grounds Maholmes failed to present to the Illinois Supreme Court, Maholmes fails to identify any justification for his failure to comply with Illinois procedure.

* * *

For the foregoing reasons, Maholmes's petition is denied. Because Maholmes has not made a substantial showing that his constitutional rights were denied, the Court declines to grant a certificate of appealability. 28 U.S.C. § 2253(c).

May 16, 2018

_____Dated:
John J. Tharp, Jr.
United States District Judge